# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| Valtrus Innovations Ltd.<br>*Plaintiff*,<br>v.<br><br>NTT Data Services, LLC et al<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-cv-00361-JRG<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| Valtrus Innovations Ltd.<br>*Plaintiff*,<br><br>v.<br><br>CyrusOne, LLC<br>*Defendant*,<br><br>Vertiv Corporation<br>*Intervenor*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-cv-00259-JRG<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |
| Valtrus Innovations Ltd.<br>*Plaintiff*,<br>v.<br><br>Digital Realty Trust, Inc. et al,<br>*Defendants*,<br><br>Vertiv Corporation<br>*Intervenor*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-cv-00139-JRG<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |
| Valtrus Innovations Ltd. et al,<br>*Plaintiffs*,<br>v.<br><br>CyrusOne, LLC<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-cv-00534-JRG<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |
| Valtrus Innovations Ltd. et al,<br>*Plaintiffs*,<br><br>v.<br><br>Digital Realty Trust, Inc. et al,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-cv-00535-JRG<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |

# **DISCOVERY ORDER**

Before the Court is the Joint Motion for Entry of Agreed Discovery Order in this action filed by Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiff" or "Valtrus"), Defendants CyrusOne LLC, Digital Realty Trust, Inc. and Digital Realty Trust L.P. ("Defendants:"), and Intervenor Vertiv Corporation ("Intervenor" or "Vertiv").

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action; and

    (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    **A. Interrogatories**.  Plaintiff may serve a maximum of 30 interrogatories on each Defendant and Intervenor individually. Defendants and Intervenor may each individually serve a maximum of 30 interrogatories on Plaintiff.

B. **Requests for Admission**. Plaintiff may serve a maximum of 45 RFAs on each Defendant and Intervenor individually. Defendants and Intervenor may each individually serve a maximum of 45 RFAs on Plaintiff. These limits do not apply to requests for admission that seek an admission as to the authenticity and/or admissibility of a particular document or thing. Such requests for admission as to authenticity and/or admissibility will be unlimited, clearly denoted as such, and served separately from other requests for admission.

C. **Depositions.**

   a. **Party Depositions.**

      i. Plaintiff may take up to 55 hours of total fact deposition time of each Defendant and Intervenor individually (inclusive of 30(b)(1) and 30(b)(6) depositions).

      ii. Defendants and Intervenor may collectively take up to 70 hours of total fact deposition time of Plaintiff (inclusive of 30(b)(1) and 30(b)(6) depositions). Absent agreement of the parties or an order of the Court, a Defendant's dismissal from this litigation shall not reduce the 70-hour limit.

      iii. Depositions of third-parties and experts do not count against these limits.

      iv. Depositions on written questions of custodians of business records for third parties shall not count towards the foregoing limits, provided that they do not exceed one hundred (100) questions per party absent party agreement or leave of Court.

    v. Each party reserves the right to seek an adjustment of these time limits based on changes to the scope of discovery, the number of witnesses identified in initial disclosures and discovery, or the addition or dismissal of any party(ies). These provisions may also be amended by agreement of the parties.

    vi. Except as otherwise set forth in this Order or ordered by the Court or agreed to by the parties, no witness shall be subject to more than one deposition (including by separate parties) in his or her personal capacity. The limits in this subparagraph do not apply to deposition time in which the witness is testifying as a designated 30(b)(6) witness

b. **Expert Depositions.** Each expert witness may be deposed for up to 7 hours for each report on an issue (e.g., [in]validity, [non-]infringement, damages). For clarity, if an expert offers [in]validity or [non-]infringement opinions in a single report for or against more than one Defendant, that expert may be deposed for an additional 3 hours for each additional Defendant addressed by that expert. Notwithstanding the above, if an expert serves a report that addresses more than three patents, then the opposing party may depose the expert for an additional one hour per additional patent addressed. To the extent supplemental reports are served, any additional deposition time shall be addressed either by agreement or order of the Court. An "expert witness" is a witness disclosed under Paragraph 2 of this Order.

      c. **Third Party Depositions.** Each party may conduct third-party discovery, including depositions and document subpoenas. Those depositions do not count against the above limits for party depositions.

      d. **Remote Depositions.** The parties may agree jointly to take depositions remotely via an online teleconference service so long as the witness, when testifying, is present in a country in which it is legal to take a deposition.

      e. **Seven-Hour Maximum**. No more than seven (7) hours of deposition may be taken of one person in one day without the consent of the deponent.

    **D.** Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with

- 8 -

the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service

of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-

26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    A. **Service by Electronic Mail.** The parties agree to accept service by email to all counsel of record for the party to be served.

    B. **Production of Materials Obtained Via Third-Party Subpoena.** A party who serves a subpoena in this matter on a third party shall either provide advance notice or immediately provide a copy to the other parties. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other parties of receipt of the documents and will work in good faith to resolve the issue on a case-by-case basis.

    C. **Expert Discovery.** The parties agree that drafts of any expert report, declaration, or disclosure, including drafts of reports, as well as any notes made

by experts, are protected work product and shall not be discoverable regardless of the form of the draft and notes, unless the expert relies on the aforementioned as a basis for his or her opinion and the information contained is not otherwise disclosed pursuant to Paragraph 2 of this Order. The parties further agree that communications of any form relating to this action between (a) a party to these actions, a representative of a party, or the parties' attorneys and (b) the parties' expert(s), whether testifying or non-testifying, are protected work product and shall not be discoverable, except to the extent the communications identify facts, data, or assumptions that the expert(s) relied upon in forming any opinions expressed or to be expressed in an expert report or trial testimony and are not otherwise disclosed pursuant to Paragraph 2 of this Order. If an expert produces a report, the expert must produce his or her final report and all materials which the expert relied on, to the extent they have not already been produced. The parties agree that the foregoing protections will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph need not be logged on a privilege log.

**D. Privilege Log.** The parties agree that neither side needs to log: 1) any privileged or work product communications or documents created on or after the original filing date of this action, or 2) any privileged or work product communication including outside counsel of record in this case and that relates to the subject matter of this case.

**E. Inadvertent Disclosure.** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege, work-product protection, common interest privilege, or a similar exemption from discoverability is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by promptly (after learning of the inadvertent production) notifying the receiving party of the assertion of privilege or protection in writing. The producing party will provide a privilege log in accordance with Paragraph 6, even if the inadvertently produced materials is subject to Paragraph 12(D) of this Discovery Order.

**F. Email Discovery.** Discovery and production of electronic mail or other electronic messages (hereinafter "e-discovery" or "ESI") shall be governed by, and shall be conducted in accordance with an E-Discovery Order. To the extent either party seeks email discovery, the parties are directed to promptly meet and

confer regarding any modifications of the model E-Discovery Order which are appropriate for this case and to submit a proposed order accordingly.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 3rd day of September, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE